UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JOANNE SELGIN, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case No.: |
| ATHENS-CLARKE COUNTY UNIFIED GOVERNMENT, | ) ) ) ) |
| Defendant. | ) ) ) |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, JOANNE SELGIN (hereinafter "Plaintiff" or "Selgin") and files her Complaint against Defendant, ATHENS-CLARKE COUNTY UNIFIED GOVERNMENT (hereinafter "Defendant" or "ACCUG") and in support states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. (hereinafter "ADA"), and the Family and Medical Leave Act of 1996, 29 U.S.C. § 2601, *et seq*. (hereinafter the "FMLA") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, interference, and retaliation against Plaintiff because of her protected medical leave, and disability leading to her unlawful termination.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA, and the FMLA.

1

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

4. Plaintiff, Selgin, is a citizen of the United States, and was at all times relevant, a citizen of the State of Georgia.

5. Defendant, Athens-Clarke County Unified Government, is a county government agency under the laws of the state of Georgia with its principal place of business in Athens, Georgia.

6. Defendant is a covered employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

7. Plaintiff has complied with all statutory prerequisites to filing this action.

8. On May 17, 2021, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on disability discrimination and retaliation.

9. Plaintiff's EEOC charge was filed within three hundred days after the alleged unlawful employment practices occurred.

10. On January 6, 2022, the EEOC issued to Plaintiff a Notice of Rights Upon Request.

11. This complaint was filed within ninety days Plaintiff's receipt of the EEOC's Notice of Rights.

## FACTUAL ALLEGATIONS

12. Plaintiff is a female who is disabled.

13. Plaintiff was able to perform essential job functions.

2

14. Plaintiff was hired by Defendant on or about December 8, 1993 as a Community Development Administrator.

15. At all relevant times, Plaintiff suffered from anxiety, which classifies her as a disabled individual under the ADA.

16. Plaintiff's disability substantially limited one or more of her major life activities and constituted a disability under applicable law.

17. In early December 2020, Plaintiff applied and was approved to use intermittent medical leave for her anxiety.

18. In January 2021, Unum became Defendant's medical leave administrator.

19. When Unum became Defendant's medical leave administrator, it requested additional documentation from Plaintiff to approve Plaintiff's intermittent medical leave.

20. Plaintiff complied with Unum's additional requests.

21. However, Unum denied Plaintiff's intermittent medical leave.

22. In March 2021, Plaintiff took a brief medical leave for her disability for which she was entitled to.

23. Upon her return, Hayley Banerjee, Director for Defendant, began assigning Plaintiff tasks with unrealistic deadlines.

24. Ms. Banerjee did not assign such tasks to Plaintiff prior to her medical leave.

25. Plaintiff addressed her concerns to Traci Mason, Benefits Administrator for Defendant, complaining that she was being retaliated against by Ms. Banerjee for taking medical leave due to her disability.

26. However, no remedial action was taken to address Plaintiff's concerns.

27. Instead, in late March 2021, Defendant terminated Plaintiff's employment under pretext.

28. Nearly nine months after Plaintiff's termination, Defendant emailed Plaintiff, admitting Defendant made an error in classifying Plaintiff as an "at will" employee who could be terminated with or without cause.

29. Plaintiff, in fact, was classified as a "professional class" position, which required Defendant to go through an informal resolution process prior to terminating Plaintiff, and further entitled Plaintiff to Defendant's Grievance Resolution process to appeal Defendant's termination decision.

30. Instead of providing these processes to Plaintiff for which she was entitled to as a "professional class" position with Defendant, Defendant denied Plaintiff of both its informal resolution process prior to terminating Plaintiff, and its Grievance Resolution process until long after her termination.

31. Plaintiff has been damaged by Defendant's illegal conduct.

32. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

### Count I: Disability Discrimination in Violation of the ADA

33. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32 above.

34. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

35. Plaintiff was able to perform the essential functions of her job at the time of her termination.

36. Defendant is prohibited under the ADA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms,

conditions, and privileges of employment.

37. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on her disability.

38. Plaintiff has been damaged by Defendant's illegal conduct.

39. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

40. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

41. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count II: Retaliation under the ADA

42. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32, above.

43. Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

44. Defendant's conduct violates the ADA.

45. Plaintiff has satisfied all statutory prerequisites for filing this action.

46. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

47. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

48. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## Count III: Interference in Violation of the FMLA

49. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32, above.

50. Plaintiff was an employee eligible for protected leave under the FMLA.

51. Defendant is and was an employer as defined by the FMLA.

52. Plaintiff exercised or attempted to exercise her rights under the FMLA.

53. Defendant interfered with Plaintiff's lawful exercise of her FMLA rights.

54. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

55. Plaintiff was injured due to Defendant's willful violations of the FMLA and she is entitled to legal relief.

### Count IV: Retaliation in Violation of the FMLA

56. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32, above.

57. Plaintiff was an employee eligible for protected leave under the FMLA.

58. Defendant is and was an employer as defined by the FMLA.

59. Plaintiff exercised, or attempted to exercise, her rights under the FMLA.

60. Defendant retaliated against Plaintiff for exercising, or attempting to exercise, her FMLA rights.

61. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

62. Plaintiff was injured due to Defendant's willful violation of the FMLA, to which she is entitled to legal relief.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted,

*/s/ Gary Martoccio*
Gary Martoccio
Georgia Bar Number: 497511
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, FL 33609
Tel. (800) 965-1570 ext. 126
Fax (866) 580-7499
gary.martoccio@spielbergerlawgroup.com

*Attorney for Plaintiff*